DILWORTH IP, LLC
Robert M. Ward
3455 Peachtree Road NE, 5th Floor
Atlanta, Georgia  30326
Phone:  (203) 220-8496
Fax:  (203) 220-8497
Email: rward@dilworthip.com

FRANKFURT KURNIT KLEIN & SELZ, P.C.
Toby M.J. Butterfield
Tyler Maulsby
488 Madison Avenue, 10th Floor
New York, New York  10022
Phone:  (212) 980-0120
Fax:  (212) 593-9175
Email: tbutterfield@fkks.com
        tmaulsby@fkks.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X

LUV N' CARE LTD. and ADMAR
INTERNATIONAL, INC.,

                Plaintiffs,

      -against-

GOLDBERG COHEN, LLP, LEE A.
GOLDBERG, and MORRIS E. COHEN,

                Defendants.

No. 15-cv-9248

**COMPLAINT**
**JURY TRIAL DEMANDED**

---------------------------------------------------------X

       Luv n' care, Ltd. and Admar International, Inc. (collectively, "Plaintiffs or "Luv n' care"), by their attorneys, hereby complain of defendants Goldberg Cohen, LLP, Lee A. Goldberg, Esq. and Morris E. Cohen, Esq. (hereinafter sometimes referred to collectively as "Goldberg Cohen" or "Defendants"), as follows:

1.      This is an action for legal malpractice committed by Defendants in their legal representation of Luv n' care:

(a)      in the State Court of Louisiana in a case alleging *inter alia* breach of contract, and entitled *Luv n' care, Ltd. v. Jackel International Limited*, No. 10-1891, before the 4th Judicial District of Louisiana, wherein Defendants had failed to include all of the infringing devices in the lawsuit and were later barred by *res judicata* from doing so; and

(b)      in patent prosecution, wherein in subsequent related patent applications the Defendants neglected to rescind a prior prosecution disclaimer, which thus continued, resulting in unduly and unnecessary limiting the scope of the subsequently issued patent claims, which claims in subsequent litigation were found not to be infringed, and thus ultimately resulting in substantial loss of recovery of damages for patent infringement;

(c)      in prior litigation in a case entitled *Luv n' care, LTD. et al v. Royal King Infant Products Co., Ltd. et al.*, No. 2:10-cv-00461-JRG, before the Eastern District of Texas, and in which Defendants Goldberg Cohen had failed to timely file papers for the recovery of reasonable attorney's fees under Texas law for breach of contract.

## THE PARTIES

2.      Plaintiff Luv n' care, Ltd. is a corporation organized and existing under the laws of the State of Louisiana, and having a principal place of business at 3030 Aurora Avenue, Monroe, Louisiana 71201.

3.      Plaintiff Admar International, Inc. is a corporation organized and existing under the laws of the State of Delaware, and having a principal place of business at 3030 Aurora Avenue, Monroe, Louisiana 71201.  Admar is an affiliate of Luv n' care.

4.      Defendant Goldberg Cohen, LLP is a domestic registered limited liability partnership of the State of New York, and had a principal place of business at 1350 Avenue of the Americas, 4th Floor New York, New York 10019.

5.      Lee A. Goldberg is a citizen of the State of New York, is a lawyer licensed to practice law in the State of New York, and is a former Member of Goldberg Cohen, LLP, 1350 Avenue of the Americas, 4th Floor, New York, New York 10019.

6.      Morris E. Cohen is a citizen of the State of New York, is a lawyer licensed to practice law in the State of New York, and is a Member of Goldberg Cohen, LLP, 1350 Avenue of the Americas, 4th Floor, New York, New York 10019.

**Jurisdiction and Venue**

7.      The Court has diversity jurisdiction over the instant action pursuant to 28 U.S.C. § 1332, as the respective parties are citizens of different states and/or a foreign state, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

8.      The Court has personal jurisdiction over Defendants, inasmuch as the Defendants reside within the jurisdiction of the Court, and the State of New York has a special interest in governing and regulating the activities of lawyers licensed by the State Bar of New York to practice law.

9.      Venue before the Court is proper pursuant to 28 U.S.C. §1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

**Facts Common To All Counts**

10.     Goldberg Cohen, LLP has held itself out to the public as a law firm on the Internet and elsewhere. In particular and at all times relevant hereto, Goldberg Cohen, LLP has held itself out to the public as having expertise in litigation and specifically as having extensive

experience in trying cases before various federal district judges and juries and appellate courts throughout the country.

      11.    Defendant Morris Cohen has held himself out as a lawyer having exceptional skill and experience as an Adjunct Professor teaching patent law subjects at Benjamin N. Cardozo School of Law/Yeshiva University. Defendant Cohen has also advertised and held out to the public his expertise under the designation "Super Lawyer" for the years 2008 –2011, 2013 – 2015.  Super Lawyers Attorney Profile, http://profiles.superlawyers.com/new-york-metro/new-york/lawyer/morris-e-cohen/78f9a3c6-855b-444d-ac6d-047d724dcdb4.html (last updated Apr. 22, 2015).

      12.    Defendant Lee Goldberg has held himself out as a lawyer having exceptional skill and experience related to practice of the intellectual property law in particular, has written articles and has lectured before bar and other groups on the subject of patent and intellectual property litigation, and has advertised and/or represented in regard to the cases herein complained of involving his malpractice, as follows:

> As lead trial counsel, Lee's recent successes have included a $10 million jury verdict in Marshall, Texas, and a Louisiana state court jury that returned a verdict in favor of Lee's client.  The judge then awarded Lee's client its attorney's fees and costs, and entered a worldwide injunction…
>
> *Luv n' care, Ltd. and Admar International v. Royal King Infant Products Co. Ltd.* (E.D. Tex 2013).  As lead trial counsel, Lee represented the plaintiffs in this 2013 breach of contract case related to the copying of Plaintiffs' unique baby product designs.  The jury returned a $10 million verdict in favor of Plaintiffs.
>
> *Luv n' care, Ltd. and Admar International v. Jackel International Limited*, (4th Judicial District Court, La. 2013).  In this 2013 breach of contract case related to copying of Plaintiffs' unique baby product designs in a Louisiana State Court, Lee acted as lead trial counsel in obtaining a $754K verdict for his client.  The judge subsequently awarded Lee's client attorney's fees and costs and entered a worldwide injunction.
>
> Merchant & Gould Professionals, Lee A. Goldberg, http://www.merchant-gould.com/Professionals/Lee-A-Goldberg (last visited Nov, 23, 2015).

13.     The individual Defendants, each having approximately 20 years of experience prosecuting patent applications are Registered Patent Attorneys and licensed to practice before the United States Patent and Trademark Office, with Lee Goldberg having Registration Number 38,894, and Morris Cohen having Registration Number 39,947.

### COUNT I FOR LEGAL MALPRACTICE AGAINST ALL DEFENDANTS
### (Failure to Include All Accusable Products in the
### *Mayborn/Jackel* Louisiana State Court Case)

14.     Plaintiffs repeat and reallege each and every allegation hereinabove set forth with the same force and effect as if more fully hereinafter set forth.

15.     The Defendants Goldberg Cohen had a duty of diligence to the client Luv n' care to include all accusable products in the above-identified Louisiana state court law suit, and specifically including the segment of the "Explora" line of products incorporating a removable spill prevention valve that includes a diaphragm and a hard plastic component that Jackel and its affiliate Mayborn (together "Jackel") were also selling in breach of contract at that time.

16.     Notwithstanding their duty of diligence to the client Luv n' care, the Defendants Goldberg Cohen did not make an attempt to include the segment of the "Explora" line of products incorporating a removable spill prevention valve that includes a diaphragm and a hard plastic component in the case until immediately before the beginning of trial.  And, hence, because of the tardiness of the submission by Goldberg Cohen, the Court did not allow Luv n' care's claim for damages regarding the segment of the "Explora" line of products incorporating a removable spill prevention valve that includes a diaphragm and a hard plastic component to be included in the trial.   In addition, Defendants Goldberg Cohen *et al.* failed to make any proffer of evidence during trial regarding the segment of the "Explora" line of products incorporating a removable spill prevention valve that includes a diaphragm and a hard plastic component necessary to preserve the issue for subsequent appeal.

5

17.     Subsequent to the above-identified Louisiana state court litigation, the Plaintiffs Luv n' care through their attorneys filed suit in the Eastern District of Texas against Mayborn USA, Inc. and Jackel International Limited, alleging, in relevant part, (i) breach of contract and (ii) violations of Louisiana's Unfair Trade Practices and Consumer Protection Law (*see* Exhibit A).

18.     On September 24, 2014, the Jackel Defendants answered and asserted affirmative defenses and a declaratory judgment counterclaim alleging, in relevant part, that Luv n' care's counts for (i) breach of contract, and (ii) violations of the Louisiana Unfair Trade Practices and Consumer Protection Law, were barred by the doctrines of collateral estoppel and res judicata, and specifically alleged that:

> 103.  Plaintiffs have alleged claims of Breach of Contract and Violation of Louisiana Unfair Trade Practices and Consumer Protection Law in Counts I and II of the Complaint.
>
> 104.  These claims are barred by the doctrines of collateral estoppel and res judicata on the basis that these claims would, or could have been, adjudicated in prior litigation, including but not limited to *Jackel I* [*i.e.*, the Louisiana state court case, aforesaid].
>
> 105.  Accordingly, Defendants seek a Declaratory Judgment that LNC's claims for breach of contract and alleged violations of the Louisiana Unfair Trade Practices and Consumer Protection Law (Counts I and II) are barred by the doctrines of collateral estoppel and res judicata. [explanation added]
>
> (Exhibit B).

19.     On December 22, 2014, Jackel  moved the Texas court to dismiss Luv n' care's counts for (i) breach of contract, and (ii) violations of Louisiana's Unfair Trade Practices and Consumer Protection Law, on the asserted basis that they should be barred by the doctrines of collateral estoppel and *res judicata*.  (*See* Exhibit C).

20.     On August 10, 2015, Jackel's motion to dismiss on *res judicata* grounds was granted by District Court Judge Gilstrap, the court noting that Luv n' care had admitted that it

had made "mistakes" in the prior case.  (*See* Exhibit D, Order granting motion to dismiss for res judicata; Doc. 95; filed August 10, 2015).

21.     Whereupon, Luv n' care has been substantially damaged, *inter alia,* (a) by being forced to defend against such motion to dismiss, and (b) by the preemptive dismissal of the counts for (i) breach of contract, and (ii) violations of Louisiana's Unfair Trade Practices and Consumer Protection Law, on the asserted basis of *res judicata*, and all of which has been and shall have been proximately caused by the Defendants' malpractice in failing to assert such claims timely and specifically in the earlier Louisiana state court litigation.

22.     Wherefore, Defendants have failed to exercise the reasonable skill and knowledge commonly possessed by members of the legal profession in this legal community.  As a result, Defendants have committed legal malpractice, *inter alia*, through the acts of failing to present Luv n' care's claims (1) for breach of contract, and (2) for violations of Louisiana's Unfair Trade Practices and Consumer Protection Law, in the earlier Louisiana state court litigation.

23.     Moreover, Luv n' care would have recovered monies for all its injuries, including those related to lost sales, income, and profits thereunder, and/or would have achieved a substantial settlement on these counts from Jackel, but-for Defendants' several acts of negligence, which individually and collectively have proximately caused severe damage to Luv n' care.

24.     As a result of Defendants' misconduct including legal malpractice, Luv n' care has been damaged not only with regard to the *Jackel* lawsuit and the settlement thereof, but with regard to all infringers of Luv n' care's rights in subsequent litigation, and further because these inadequate *Jackel* recovery and/or settlement figures would be discoverable and would be presented to those courts as standing precedent.  Accordingly, the Plaintiffs have been damaged

in an amount to be determined at trial, but which is believed will be in an amount of not less than $10 million.

### COUNT II FOR LEGAL MALPRACTICE AGAINST ALL DEFENDANTS
### Failure to Rescind "Prosecution Disclaimer" Resulting in Damage
### in the *Phillips* case in the Eastern District of Texas

25.     Plaintiffs repeat and reallege each and every allegation hereinabove set forth with the same force and effect as if more fully hereinafter set forth.

26.     The individual Defendants, each having approximately 20 years of experience prosecuting patent applications are Registered Patent Attorneys and licensed to practice before the United States Patent and Trademark Office, with Lee Goldberg having Registration Number 38,894, and Morris Cohen having Registration Number 39,947, and as such have held themselves out to the public including Luv n' care herein as having substantial experience and expertise in the prosecution of patent applications before the United States Patent and Trademark Office.

27.     In United States Patent Application No. 09/138,588, filed August 21, 1998, the claims of which subsequently issued as United States Patent No. 6,321,931 (*see* Exhibit E), defendant Cohen disclaimed (in connection with arguments to distinguish over the *Robbins III, Bachman,* and *Belcastro* cited prior art references) a material portion of the scope of such patent claims, which otherwise would have been entitled in the absence of such prosecution disclaimer to a significantly broader scope.  (*See*, Exhibit F).

28.     Subsequently, and in an attempt to obtain additional patent claims having a broader scope than the patent claims that had been narrowed as a result of the "prosecution disclaimer" aforesaid, Defendant Cohen filed and prosecuted several related patent applications deriving priority from United States Patent Application No. 09/138,588, filed August 21, 1998, which had issued as United States Pat. No. 6,321,931, and including a Reissue Application for

the '931 patent, and the claims of all of which related patent applications had been subject to the fatally narrowing "prosecution disclaimer".  *Id.*

29.     However, in prosecuting the additional patent claims, Defendant Cohen did not duly and properly rescind the prior "prosecution disclaimer".  Accordingly, in subsequent enforcement litigation (the *Phillips* action) after such additional patent claims had issued, the Court held that these additional patent claims set forth in five (5) underlying patents-in-suit involved in *Luv n' care, Ltd. v. Koninklijke Philips Electronics N.V., et al.*, No. 11-CV-0512-RSP (E.D. Tex. 2011) [*i.e.*, LNC's RE 43,077 patent, reissued on January 10, 2012; and U.S. Pat. Nos. 7,204,386 issued on April 17, 2007; 7,243,814 issued on July 17, 2007; 7,789,263, issued on September 7, 2010; and 7,789,264, issued on September 7, 2010] remained subject to the "prosecution disclaimer", and thus were not infringed. Specifically, the United States District Court for the Eastern District of Texas, stated:

> The Court finds that LNC has not rescinded its prior disclaimers made in the prosecution history of the '931 patent.

(*See*, Exhibit F, p. 13).

30.     Whereupon, and on September 3, 2014, Luv n' care was forced to concede via Joint Motion submitted to the court by Defendant Cohen, that the patent claims for which the prior prosecution disclaimer had remained in effect were not infringed.  (See, Exhibit G).

31.     On December 2014, the decision of the Texas court was affirmed *per curiam* by the Federal Circuit.  *See Luv n' care Ltd. v. Koninklijke Philips N.V., et al.*, 14-1007 (Fed. Cir. 2014).

32.     The presence of said prosecution disclaimer was not necessary in order to allow issuance of the additional patent claims contained within LNC's RE 43,077 patent; and U.S. Pat. Nos. 7,204,386; 7,243,814; 7,789,263; and 7,789,264.

9

33.    If Defendant Cohen had duly and properly rescinded the prosecution disclaimer, the additional patent claims would <u>not</u> have remained subject thereto, and according would have been held to have been infringed in the subsequent enforcement action.

34.    The error and omissions of Defendants Goldberg Cohen in failing to exercise the reasonable skill and knowledge commonly possessed by members of the legal profession in this legal community, and specifically in failing to duly and properly rescind the prosecution disclaimer, were negligent, and well below the professional standards of prosecuting patent attorneys practicing within this jurisdiction.  Wherefore, as a result, Defendants Goldberg Cohen have committed legal malpractice.

35.    Moreover, but-for Defendant Cohen's several acts of negligence and malpractice, which individually and collectively have proximately caused severe damage to Luv n' care, Luv n' care would have recovered monies for all its injuries, including those related to lost sales, income, and profits thereunder, and/or would have achieved a substantial settlement on these counts from the Defendants therein, said damages in an amount provable at trial, but presently believed to constitute several millions of dollars.

36.    As a result of Defendants' misconduct including legal malpractice, Luv n' care has been damaged not only with regard to the above lawsuit, but potentially with regard to all infringers of Luv n' care's rights in subsequent litigation.  Accordingly, the Plaintiffs have been yet further damaged in an amount to be determined at trial, but which is believed will be in an amount of not less than $10 million additional dollars.

37.    Yet further, the plaintiff herein Luv n' care, as a result of Defendant Cohen's failing to duly and properly rescind the prior disclaimer of claim scope incurred the expenditure of enormous time, energy and money in securing the five (5) patents asserted in the aforementioned *Philips* action, and then to litigate the lawsuit, only to have the claims

handcuffed by a prior disclaimer of claim scope – and all because Defendant Cohen failed to duly and properly rescind the prior prosecution disclaimer that had unduly and unnecessary narrowed the otherwise broader scope of the Luv n' care patent claims.

38.    The law firm of Goldberg Cohen and each of its members Lee A. Goldberg, Esq. and Morris E. Cohen, Esq. had negligently prosecuted the flawed Reissue application, and accordingly are jointly and severally liable to Luv n' care for the damages proximately caused thereby.

39.    Defendants Goldberg Cohen.'s legal representation of Luv n' care continued with regard to the same subject matter of representation wherein the malpractice had been committed until at least as late as replacement of defendants Goldberg Cohen as counsel in the Federal Circuit appellate case on or about the October 8, 2014.  *See Luv n care Ltd. v. Koninklijke Philips N.V., et al.*, No. 11-CV-0512-RSP, Dkt. at 194.

### COUNT III FOR LEGAL MALPRACTICE AGAINST ALL DEFENDANTS
### (Failure to Timely File Papers to Obtain Attorney's
### Fees in the *Royal King* Texas Litigation)

40.    Plaintiffs repeat and reallege each and every allegation hereinabove set forth with the same force and effect as if more fully hereinafter set forth.

41.    The following are the requirements of the law in order to recovery attorney's fees in a contract case brought in federal court and under Texas law:

> a.  Under Fed. R. Civ. P. 54(d), all motions for attorney's fees "***must*** (i) be filed no later than 14 days after the entry of judgment."    Fed. R. Civ. P. 54(d)(2)(B).

> b.  Under Fed. R. Civ. P. 54(d), all motions for attorney's fees "***must…*** state the amount sought or provide a fair estimate of it."  Fed. R. Civ. P. 54(d)(2)(B).

> c.  "To recover attorney's fees under [Tex. Civ. Prac. & Rem. Code §§ 38.001 et seq.]: (1) the claimant must be represented by an attorney; (2) the claimant ***must present the claim*** to the opposing party or to a duly

authorized agent of the opposing party; and (3) payment for the just amount owed must not have been tendered before the expiration of the 30th day after the claim is presented."

(Emphases added).

42.     On February 20, 2014, the Texas court entered Judgment in the above identified case, upon the jury verdict of $10 million in favor of Luv n' care for Royal King's breach of contract.  (*See* Exhibit H).  Accordingly, and pursuant to the provisions of Rule 54(d)(2)(B), FRCP, Luv n' care had 14 days in which to present its motion for attorney's fees, and which petition was required to include at least a reasonable estimate of the fees sought.

43.     On March 20, 2014, the Defendants Goldberg Cohen herein belatedly presented Luv n' care's petition for recovery of attorney's fees and did not include therein a reasonable estimate of the amount of attorney's fees sought.  (*See* Exhibit I).

44.     Moreover, the Defendants Goldberg Cohen had not "presented" the claim to the opposing party prior to the filing of suit, and as required by Texas law as a condition precedent for the recovery of attorney's fees.

45.     On March 20, 2015, the Court denied Luv n' care's claim for attorney's fees (*see* Exhibit J).

46.     Accordingly, Luv n' care has been substantially injured, and which injury has been proximately caused by the Defendants' malpractice in failing to present the claim to Royal King prior to the filing of suit, in failing to assert such claim for attorney's fees in a timely fashion, and in failing to include in such petition for attorney's fees at least a "reasonable estimate" of the amount of such fees, as required by law.

47.     Wherefore, Defendants have failed to exercise the reasonable skill and knowledge commonly possessed by members of the legal profession in this legal community.  As a result, Defendants Goldberg Cohen have committed legal malpractice.

12

**Jury Demand**

A jury trial is respectfully demanded on all matters so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Luv n' care demand judgment against Defendants jointly and severally, as follows:

a.   Damages in an amount commensurate with Plaintiffs' losses as described here-inabove, and in an amount as proved at trial, presently asserted to have been at least $10 million;

b.   The costs and disbursements of this action;

c.   Reasonable attorney's fees; and

d.   Such other relief as this Court deems just and proper.

Dated: New York, New York
       November 23, 2015

DILWORTH IP, LLC
By:     Robert M. Ward, Esq.

3455 Peachtree Road NE, 5th Floor
Atlanta, Georgia  30326
Phone: (203) 220-8496
Fax:    (203) 220-8497
Email: rward@dilworthip.com

FRANKFURT KURNIT KLEIN & SELZ, P.C.

By:     /s/ Toby M.J. Butterfield
        Toby M.J. Butterfield
        Tyler Maulsby
488 Madison Avenue, 10th Floor
New York, New York  10022
Phone: (212) 980-0120
Fax:    (212) 593-9175
Email: tbutterfield@fkks.com
        tmaulsby@fkks.com


*Attorneys for Plaintiffs*

13